UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                    Crim. No. 15-79 (PAM/LIB)
                                              Civ. No. 18-15 (PAM)
                    Plaintiff,

v.                                           **MEMORANDUM AND ORDER**

Darrell Lussier,

                    Defendant.

---

This matter is before the Court on Defendant Darrell Lussier's Motion to Vacate under 28 U.S.C. § 2255.[1] Because Lussier is not entitled to any relief under § 2255, his Motion is denied.

**BACKGROUND**

In August 2015, the parties negotiated a plea agreement and the Court held a change-of-plea hearing. (Docket No. 35.) The plea agreement contemplated that Lussier would plead guilty to three counts of assault resulting in serious bodily injury in exchange for dismissal of three counts of kidnapping. (Pl.'s Opp'n Mem. (Docket No. 118-1) Ex. 1.) Apparently, Lussier's counsel also understood that the plea agreement would include a provision binding the Court to a sentencing range between 100 and 150 months under Fed. R. Crim. P. 11(c)(1)(C), but that understanding was not reflected in the plea agreement. Lussier's counsel realized that this provision was missing at the hearing, and Lussier stated that he would not plead guilty unless that understanding was in the plea agreement.

---

[1] The Court's references to the § 2255 Motion include both Lussier's initial Motion and his Amended Motion. (See Docket Nos. 94, 101.)

(Change-of-Plea Hr'g Tr. (Docket No. 109) at 23.) The Court recessed, the parties continued negotiations, and the Government ultimately agreed to include a provision that would bind the Court, if accepted, to a maximum sentence of 150 months' imprisonment pursuant to Fed. R. Crim. P. 11(c)(1)(C).

The Court then held a discussion in chambers, which was recorded and is part of the record. The Government and Lussier's counsel informed the Court of the terms of the new plea agreement, and the Court indicated that it would reject an agreement that limited Lussier's sentence to 150 months' imprisonment. (Id. at 26-27.) Lussier was not present for the discussion in chambers.

The matter proceeded to trial, and a jury found Lussier guilty of three counts of kidnapping and three counts of assault resulting in serious bodily injury. (Docket No. 52.) The Court sentenced Lussier to a total term of 360 months' imprisonment followed by five years' supervised release. (Docket No. 68.) Lussier appealed, arguing that the Court erred in instructing the jury on assault resulting in serious bodily injury, that the Court erred by conditionally admitting a prior conviction as impeachment evidence, and that the evidence was insufficient to sustain his kidnapping convictions. United States v. Lussier, 844 F.3d 1019, 1021 (8th Cir. 2016). The Eighth Circuit affirmed.

**DISCUSSION**

Lussier now moves to vacate his convictions and sentence under § 2255, arguing that his trial and appellate counsels were constitutionally ineffective. The Government filed an opposition to Lussier's § 2255 Motion, (Docket No. 118), and Lussier filed a reply, (Docket No. 125).

To prove ineffective assistance of counsel, Lussier must establish that: "(1) his counsel so grievously erred as to not function as the counsel guaranteed by the Sixth Amendment; and (2) his counsel's deficient performance prejudiced his defense." Auman v. United States, 67 F.3d 157, 162 (8th Cir. 1995) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). The performance prong of the effective-assistance inquiry requires a showing "that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. The Court's "review of counsel's performance is 'highly deferential.'" Booth v. Kelley, 882 F.3d 759, 762 (8th Cir. 2018) (quoting Strickland, 466 U.S. at 689). "Prejudice requires a reasonable probability that the proceeding would have ended in a different result without counsel's errors." Auman, 67 F.3d at 162 (quotation omitted).

Lussier first claims that his trial counsel was ineffective for failing to (1) insist that Lussier be present at all stages of the change-of-plea hearing, (2) object to the Court's non-compliance with Fed. R. Crim. P. 11(c)(5) in rejecting the plea agreement, and (3) inform him of his right to plead guilty without the benefit of a plea agreement.[2] Any variance from Fed. R. Crim. P. 11 is harmless unless it affected Lussier's substantial rights. See Fed. R. Crim. P. 11(h). In other words, Lussier cannot establish prejudice under Strickland unless he demonstrates that his counsel's failure to object affected his substantial rights. "Affecting substantial rights ordinarily means the error affected the outcome of the district court proceedings." United States v. Martin, 714 F.3d 1081, 1084 (8th Cir. 2013)

---

[2] Lussier also claims that his trial counsel failed to ensure that the entire change-of-plea hearing was recorded, but it was recorded in its entirety.

3

(quotation omitted).  Here, the outcome of the proceedings would have been the same even if Lussier's counsel had objected.

At the change-of-plea hearing, Lussier stated that he would not plead guilty unless his sentencing exposure was limited to 150 months or fewer.  (Change-of-Plea Hr'g Tr. at 22-23.)  And although the parties ultimately agreed to limit his sentencing exposure under Fed. R. Crim. P. 11(c)(1)(C), the Court stated that it would reject that plea agreement.  (See id. at 27.)  Lussier now avers that the outcome would have been different if his counsel had informed him that he could have made a straight plea.  But his statement at the hearing belies this averment.  (Id. at 23); see United States v. Petters, 986 F. Supp. 2d 1077, 1088 (D. Minn. 2013) (Kyle, J.) (requiring a defendant to "present some credible, nonconclusory evidence that he would have pled guilty") (quotation omitted).  And even if he had pursued a straight plea, the reduction in offense level for acceptance of responsibility would not have changed his sentencing exposure.  Therefore, Lussier cannot establish prejudice under Strickland.

Second, Lussier claims that his trial counsel was ineffective for failing to object to the Court's alleged participation in plea negotiations.  The Court's role is "limited to acceptance or rejection of agreements," and it must not participate in plea negotiations. United States v. Thompson, 770 F.3d 689, 695 (8th Cir. 2014); see Fed. R. Crim. P. 11(c)(1).  Here, the Court did not participate in the plea negotiations; it simply stated that it would reject the proposed plea agreement.  (See Change-of-Plea Hr'g Tr. at 26-27.) Because there was no reason to object on that basis, trial counsel's performance cannot be deficient.  In any event, as discussed above, Lussier cannot establish any prejudice.

4

Finally, Lussier contends that his appellate counsel was ineffective for failing to raise the issues presented in this § 2255 Motion on direct appeal. "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of [appellate] counsel be overcome." Link v. Luebbers, 469 F.3d 1197, 1205 (8th Cir. 2006) (quotation omitted). Here, Lussier's appellate counsel competently asserted multiple issues on appeal, and the issues Lussier raises in this Motion are not clearly stronger. This argument is meritless.

An evidentiary hearing is not necessary because Lussier's allegations, accepted as true, do not entitle him to any relief. 28 U.S.C. § 2255(b). Nor is Lussier entitled to a certificate of appealability. A certificate of appealability is available only if a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Lussier's claims are not debatable and do not deserve encouragement to proceed further.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendant's Motion to Vacate under 28 U.S.C. § 2255 (Docket No. 94) is **DENIED**;

2. Defendant's Amended Motion to Vacate under 28 U.S.C. § 2255 (Docket No. 101) is **DENIED**;

3. Defendant's Motion for Court Records and Investigative Reports (Docket No. 95) is **DENIED as moot**; and

4. No certificate of appealability will issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY** in Civ. No. 18-15.

Dated:  August 28, 2018

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge